# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID E. KATES | |
| Plaintiff, | NO. 3:11-CV-951 |
| v. | (JUDGE CAPUTO) |
| JOE E. KING, et al., | |
| Defendants. | (MAGISTRATE JUDGE SMYSER) |

## MEMORANDUM

Before the Court is Magistrate Judge Smyser's report and recommendation ("R&R") (Doc. 12) on plaintiff Kates' *pro se* complaint.  Mr. Kates, a federal prisoner, alleges violations of the Privacy Act, Program Statement 5800.11, and various constitutional rights relating to the failure of defendants to properly address discrepancies in his presentence investigation report (PSI).  Magistrate Judge Smyser, reviewing the complaint under 28 U.S.C. § 1915A, recommends the complaint be dismissed because: (1) United States Probation Offices are not subject to the Privacy Act and the Bureau of Prisons has exempted its Inmate Central Record System ("ICRS") from the Act; (2) defendants fulfilled requirements of 5800.11; and (3) the allegations of constitutional violations fail to state a claim.  The Court agrees with the Magistrate Judge's recommendations and will dismiss the complaint.

## BACKGROUND

Mr. Kates is a federal prisoner proceeding *pro se*.  His complaint alleges the following.

Defendant Joe E. King is a United States probation officer in the Northern District of Texas.  Defendant Jolene R. Whitten is the Chief of the United States Probation Office

in the Northern District of Texas. Defendant L. Cunningham is a supervising attorney at the United States Penitentiary at Lewisburg. Defendant B.J. Hamilton is a case manager at USP Lewisburg. Defendant K.A. Metzger is a counselor at USP Lewisburg.

In 1997 or 1998, Mr. King prepared and signed the PSI used in Mr. Kates' sentencing in the Northern District of Texas. The PSI contains inaccurate information about Mr. Kates' prior convictions. As a result of those inaccuracies, Mr. Kates was classified as a habitual offender and his sentence was increased by 240 months. In March 2010, Mr. Kates learned about the Bureau of Prison's Program Statement 5800.11, which allows an inmate to review and challenge information in his PSI and central file. Mr. Kates then obtained the indictments in his two prior convictions which he believes prove the PSI is inaccurate. Mr. Kates then contacted his case manager, Carl Lafargue, about the errors in his PSI. Mr. Lafargue contacted Mr. King and Mr. Kates informed the other defendants of the discrepancies as well. Defendants have however refused to investigate Mr. Kates' claims or correct the error.

Mr. Kates then initiated this action. He alleges violations of the Privacy Act, Program Statement 5800.11, and various constitutional rights. He seeks compensatory and punitive damages, as well as an injunctive order directing the PSI be corrected. Reviewing the complaint under 28 U.S.C. § 1915A, the Magistrate Judge recommend its dismissal and Mr. Kates filed objections.

**STANDARD OF REVIEW**

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d

1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

The Court will adopt the Magistrate Judge's R&R. The United States Probation Offices and the Bureau of Prisons' ICRS are exempt from the Privacy Act, and the defendants fulfilled their obligations under 5800.11. Additionally, Mr. Kates has failed to state a claim for any constitutional violation under the standard of Federal Rule of Civil Procedure 12(b)(6).

>Under 28 U.S.C. § 1915A:
>
>(a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
>(b) Grounds for dismissal.--On review, the court shall identify cognizable claims

>or dismiss the complaint, or any portion of the complaint, if the complaint--
>(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>(2) seeks monetary relief from a defendant who is immune from such relief.

### A.     Privacy Act claims

The Privacy Act requires that an agency of the United States government, "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5). The appropriate defendant in a Privacy Act lawsuit is a *federal agency*, not an individual. See 5 U.S.C. § 552a(g)(1)(emphasis added); *see also Ramirez v. Dep't of Justice*, 594 F.Supp.2d 58, 61-62 (D.D.C.2009). Additionally, the "United States Probation Offices are units of the federal courts [which are not considered agencies under the Privacy Act] and therefore are not subject to the Privacy Act." *Ramirez v. Dep't of Justice*, 594 F.Supp.2d at 62.  Magistrate Judge Smyser therefore found that Mr. Kates could not bring a claim under the Privacy Act against any of the defendants in their individual capacity nor against the United States Probation Office and its employees in either their official or individual capacities.

The Privacy Act also permits agencies to exempt certain of their systems of records from many of the obligations it imposes. 5 U.S.C. § 552a(j).  By regulation, the Bureau of Prisons has exempted the ICRS from numerous subsections of the Privacy Act including subsection (e)(5) (the accuracy provision) and subsection (g) (the remedies provision). 28 C.F.R. § 16.97(j) and §16.979(a)(4). An inmate's PSI is located in the inmate's Central File

which is part of the Bureau of Prisons' ICRS. *Lee v. Bureau of Prisons*, 751 F.Supp.2d 101, 013 (D.D.C. 2010). Since the Privacy Act does not apply to the ICRS, the complaint fails to state a claim under the Privacy Act against the Bureau of Prisons defendants Cunningham, Hamilton, and Metzger in their official capacities. In his objections, Mr. Kates contends that the defendants are liable under the Privacy Act, but the relevant federal regulations and case law are otherwise.

### B.     Program Statement 5800.11

Additionally, defendants Cunningham, Hamilton, and Metzger abided by the procedures of 5800.11.

Section 15 of Program Statement 5800.11 deals with an inmate's review of his central file. It provides that an inmate has the option to look at materials maintained in his central file and it provides a procedure for doing so. P.S. 5800.11(15). Inmate challenges to the accuracy of the information in their central file are covered by P.S. 5800.11(15)(c). It states, in pertinent part, that:

> An inmate may challenge the accuracy of the information in his or her Inmate Central File. Unit team staff shall take reasonable steps to ensure the accuracy of challenged information, particularly when that information is capable of being verified. The inmate is required to provide staff with sufficient information in support of a challenge (names of persons to contact, government agency, etc...).
> When an inmate provides such information, staff shall review the alleged error(s) and take reasonable steps to ensure the information is correct.
> For example, if an inmate challenges information in the Presentence Investigation Report (PSI), staff should inform the appropriate U.S. Probation Office (USPO) in writing of the disputed information, and request that a written response also be provided. **USPO procedures, however, do not allow for changes or addendums to be made to the Presentence Investigation Report after sentencing since it is a court document.**

P.S. 5800.11(15)(c).

In his complaint, Mr. Kates alleges he alerted his case manager to errors in his PSI but that defendants never responded. However, the documents attached to his complaint show that the United States Probation Office of the Northern District of Texas did respond. They stated that the PSI had been accepted by the court and, since it was a court document, it could not be changed. Mr. Kates therefore did receive a response. Defendants Cunningham, Hamilton, and Metzger were not required to do anything more under P.S. 5800.11. Again, Mr. Kates' insistence that his requests were not acted upon ignores the Program Statement's clear prohibition on changes to court documents outlined immediately above.

Additionally, the Magistrate Judge found Mr. Kates' allegations that defendants' delay had unnecessarily prolonged his detention and was tantamount to cruel and unusual punishment and false imprisonment unsupported by any facts. The Court agrees. Mr. Kates' made claims his PSI was incorrect, it was investigated, and he was told it could not be corrected because it is a court document. Finally, the Magistrate Judge found leave to amend would be futile since only the court that sentenced the plaintiff can alter the PSI. The Court agrees on this as well.

## CONCLUSION

The Court will adopt the Magistrate Judge's R&R and Mr. Kates' complaint will be dismissed for the reasons cited above. An appropriate order follows.

1/3/12                                                               /s/ A. Richard Caputo
Date                                                           A. Richard Caputo
                                                              United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID E. KATES | |
| Plaintiff, | NO. 3:11-CV-951 |
| v. | (JUDGE CAPUTO) |
| JOE E. KING, et al., | |
| Defendants. | (MAGISTRATE JUDGE SMYSER) |

## ORDER

**NOW**, this __3rd__ day of January, 2012, **IT IS HEREBY ORDERED THAT** Magistrate Judge Smyser's R&R (Doc. 7) is **ADOPTED**. Mr. Kates' complaint (Doc. 1) is **DISMISSED** and the Clerk of Courts id directed to mark the case as **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge