IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID E. KATES, | |
| Plaintiff, | NO. 3:11-CV-951 |
| v. | (JUDGE CAPUTO) |
| JOE E. KING, et al., | |
| Defendants. | (MAGISTRATE JUDGE SMYSER) |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff David E. Kates' Motion to Alter or Amend the Judgment pursuant to Fed. R. Civ. P. 59(e) (Doc. 19.) Because the Court did not commit clear error in dismissing Plaintiff's Complaint, Plaintiff's Motion for Reconsideration will be denied.

### Background

As set forth in the Court's January 3, 2012 Memorandum and Order (Doc. 18), Plaintiff is a federal prisoner proceeding *pro se*. According to Plaintiff's Complaint, Defendant Joe E. King is a United States probation officer in the Northern District of Texas. Defendant Jolene R. Whitten is the Chief of the United States Probation Office in the Northern District of Texas. Defendant L. Cunningham is a supervising attorney at the United States Penitentiary at Lewisburg. Defendant B.J. Hamilton is a case manager at USP Lewisburg. And, Defendant K.A. Metzger is a counselor at USP Lewisburg.

In 1997 or 1998, Mr. King prepared and signed the PSI used in Mr. Kates' sentencing in the Northern District of Texas. Plaintiff alleges that the PSI contains inaccurate information about his prior convictions. As a result of those inaccuracies, Mr.

Kates was classified as a habitual offender and his sentence was increased by 240 months. In March 2010, Mr. Kates learned about the Bureau of Prison's Program Statement 5800.11, which allows an inmate to review and challenge information in his PSI and central file. Mr. Kates then obtained the indictments in his two prior convictions which he believes prove the PSI is inaccurate. Mr. Kates then contacted his case manager, Carl Lafargue, about the errors in his PSI. Mr. Lafargue contacted Mr. King and Mr. Kates informed the other defendants of the discrepancies as well. Plaintiff asserts that Defendants refused to investigate his claims or correct the error.

As a result, Mr. Kates initiated this action asserting Defendants violated the Privacy Act, Program Statement 5800.11, and Plaintiff's constitutional rights. On January 3, 2012, the Court adopted the Magistrate Judge's Report and Recommendation and dismissed Plaintiff's Complaint. (Doc. 18.) In particular, the Court concluded that: (1) the Complaint failed to state a claim under the Privacy Act; (2) the Complaint failed to state a claim under P.S. 5800.11 because the exhibits attached to the Complaint establish that Plaintiff's claim was investigated; (3) the Complaint failed to provide factual support for Plaintiff's various constitutional claims; and (4) it would be futile to grant Plaintiff leave to amend. (Doc. 18.) Plaintiff subsequently filed for reconsideration on January 17, 2012.

## DISCUSSION

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight (28) days of entry. Fed. R. Civ. P. 59(e). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985) (citation omitted). A judgment

2

may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 05 1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F.Supp.2d 502, 504 (M.D. Pa.1999).

    Here, Plaintiff fails to establish that reconsideration is necessary "to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café*, 176 F.3d at 677. Although Plaintiff asserts that he is being detained improperly based on inaccuracies contained in his PSI, Magistrate Judge Smyser and the Court concluded that Plaintiff's allegations were investigated and Plaintiff was properly informed that any inaccuracies in the PSI could not be changed because it is a court document. While Plaintiff may be dissatisfied with this outcome, Plaintiff's dissatisfaction does not amount to new evidence, a change in controlling law, clear error, or manifest injustice, *see Max's Seafood Café*, 176

F.3d at 677, warranting reconsideration. As such, Plaintiff's motion for reconsideration will be denied.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Alter or Amend the Judgment pursuant to Fed. R. Civ. P. 59(e) (Doc. 19) will be denied.

An appropriate order follows.

March 16, 2012            /s/ A. Richard Caputo
Date            A. Richard Caputo
           United States District Judge